### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JANE DELORIS JOHNSON** | * | |
| | * | |
| **v.** | * | **Civil Case No. GLR-13-3419** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

*************

### REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' dispositive cross-motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).  I have considered the parties' cross-dispositive motions.  ECF Nos. 12, 16.  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed.  42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  I find that no hearing is necessary.  Local R. 105.6 (D. Md. 2011).  For the reasons set forth below, I recommend that the Commissioner's motion be granted and that Ms. Johnson's motion be denied.

Ms. Johnson applied for Disability Insurance Benefits and Supplemental Security Income on June 15, 2010, alleging a disability onset date of May 12, 2010.  (Tr. 121-31).  Her claims were denied initially on October 5, 2010, (Tr. 63-67), and on reconsideration on May 26, 2011, (Tr. 74-77).  An Administrative Law Judge ("ALJ") held a hearing on June 19, 2012, (Tr. 19-40), and subsequently denied benefits to Ms. Johnson in a written opinion, (Tr. 45-62).  The Appeals Council declined review, (Tr. 3-9), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Ms. Johnson suffered from the severe impairments of bipolar

disorder, hidradenitis suppurativa of left axilla, and obesity.   (Tr. 50).   However, the ALJ

determined that, despite those impairments, Ms. Johnson retained the residual functional capacity

("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no
> climbing ropes, ladders, or scaffolds; no work around dangerous moving
> machinery or unprotected heights; avoid moderate exposure to extreme heat;
> limited to work requiring understand and carry out simple instructions; with
> occasional contact with coworkers, supervisors, and members of the public; and
> due to concentration and focus problems the claimant may be off task up to 5% of
> the work day.

(Tr. 52-53).   After considering testimony from a vocational expert ("VE"), the ALJ determined

that Ms. Johnson could perform work existing in significant numbers in the national economy,

and that she was not therefore disabled.   (Tr. 56-57).

Ms. Johnson disagrees.   She asserts several arguments in support of her appeal:   (1) that

the ALJ assigned inadequate weight to the opinion of her treating psychiatrist, Dr. Abby Morris;

(2) that the ALJ erred in making an adverse credibility assessment; and (3) that the ALJ

presented a deficient hypothetical to the VE.   Each argument lacks merit.

Initially, Ms. Johnson argues that the ALJ erred by assigning too little weight to the

opinion of Dr. Morris.   Pl. Mot. 10-13.   It is worth noting that Ms. Johnson's file contains

evidence that could be marshaled either to support or to undermine a finding of disability.   This

Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but

simply to adjudicate whether the ALJ's decision was supported by substantial evidence.   *See*

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).   Here, the ALJ's decision meets that

standard.

A treating physician's opinion merits controlling weight only when two conditions are

met: 1) it is well-supported by medically acceptable clinical and laboratory diagnostic

techniques; and 2) it is not inconsistent with other substantial evidence in the record.   *See* 20

C.F.R. § 404.1527(c)(2); *Craig,* 76 F.3d at 590 (refined by a later amendment to regulations as described by *Pittman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001)).  I note that the opinion in question appears to have been authored not by Dr. Morris herself, but by Amberly Hass, a Certified Registered Nurse Practitioner.  (Tr. 638).  It appears that Dr. Morris simply signed Ms. Hass's opinion.  *Id.*  Ms. Hass would not qualify as a "treating physician."  *See Richardson v. Astrue*, No. SKG–10–614, 2011 WL 3880406, at *8 (D. Md. Aug. 31, 2011) (determining that nurse practitioners are not acceptable medical sources for purposes of treatment as a treating physician).  However, even considering the opinion as if it had been drafted by Dr. Morris, the ALJ's decision to afford it "little weight" was supported by substantial evidence.  As the ALJ noted, the author of the opinion stated that she only "recently took over patient care + notes available difficult to decipher."  (Tr. 633).  Moreover, Ms. Hass had only met with Ms. Johnson three times before authoring the opinion, in September, October, and December of 2011.  (Tr. 710, 713, 717); *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (noting that the ALJ must generally give more weight to the opinion of a treating physician because that physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability).  Those three visits with Ms. Hass were interspersed with visits to Ms. Johnson's regular therapist and Licensed Clinical Professional Counselor, Naomi Kabasela, who painted a much more positive view of Ms. Johnson's mental state during the same time frame.  *See, e.g.,* (Tr. 712) (Nov. 1, 2011 notes from Ms. Kabasela noting that "Client is managing her emotions well.  Client had a good birthday and enjoyed herself.  Client is focusing on Thanksgiving . . .Overall, client is doing well and medication adjustment is working well."); (Tr. 711) (November 8, 2011 notes from Ms. Kabasela noting that "Client is managing her emotions well.  She is less symptomatic."); (Tr. 709) (December 14, 2011 notes from Ms. Kabasela stating, "Client talked about being happy and managing her emotions well.  Also, her odd job (collecting a child off the

bus) helps her therapeutically and maintain a low stress level.  Overall, client is content with life and looking forward to upcoming holidays."); (Tr. 707) (December 20, 2011 notes from Ms. Kabasela stating, "Overall, client is psychiatrically stable and focusing on keeping levels of stress low.").  The opinion from Dr. Morris is thus neither well-supported by a clinical or diagnostic technique, due to the extremely limited treatment relationship between Ms. Hass and Ms. Johnson, nor is it consistent with the other substantial evidence in the record from Ms. Johnson's longtime therapist, Ms. Kabasela.  Accordingly, the ALJ appropriately assigned the opinion "little weight."  *See Forsyth v. Astrue*, No. CBD-09-2776, 2011 WL 691581, at *4-6 (D. Md. Feb. 18, 2011) (finding the ALJ properly assigned less than controlling weight where, in relevant part, the treating physicians' conclusions were inconsistent with their own medical records); *Cramer v. Astrue*, No. 9:10–1872–SB–BM, 2011 WL 4055406, at *9 (D.S.C. Sept. 12, 2011) (upholding assignment of less than controlling weight to opinions "that were based in large part on the Plaintiff's self-reported symptoms rather than clinical evidence and that were not consistent with the doctor's own treatment notes"); *see generally* 20 C.F.R. § 404.1527(c)(3) (stating that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.").

Ms. Johnson also contests the assignment of "great weight" to the non-examining state agency consulting psychiatrists.  Pl. Mot. 11.  However, this is not a case in which the ALJ relied on those opinions alone in formulating the RFC.  Instead, the ALJ specifically noted that the opinions of those non-examining physicians "are consistent with the medical record of the treating therapist's notes."  (Tr. 55).  A review of Ms. Kabasela's treatment records entirely corroborates the ALJ's position, and thus the assignments of weight were supported by substantial evidence.

Ms. Johnson next contends that the ALJ erred in evaluating her credibility by relying

entirely on her activities of daily living.  Pl. Mot. 13-15.  However, the ALJ specifically cited to the treatment records in assessing her credibility.  *See, e.g.,* (Tr. 54) ("The intensity and limiting effects of the symptoms is called into question by consultant psychiatrist examinations, as explained in the opinion evidence below, and her therapist's notes."); (Tr. 55) ("[M]edical records indicate most therapy sessions state that claimant is handling her emotions well.  In most of the claimant's records from doctor's visits for her hidradenitis note no depression, anxiety or agitation.").  As noted above, in cases where there is medical evidence both to support and refute a finding of disability, this Court's role is not to reweigh the evidence already considered by the ALJ.  In light of the ALJ's analysis of both the medical evidence and Ms. Johnson's activities of daily living, the adverse credibility determination was amply supported by the record.

Finally, Ms. Johnson contends that the ALJ presented an inadequate hypothetical to the VE.  Pl. Mot. 16-17.  However, the ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 9801144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations.  *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988).  Ms. Johnson contends that the ALJ's hypothetical did not incorporate the "moderate difficulties" the ALJ found her to have in the areas of social functioning and concentration, persistence, or pace.  Pl. Mot. 16.  While the ALJ did not include the words "moderate difficulties" in the hypothetical, he provided concrete descriptions of what he meant by "moderate difficulties" in both areas by limiting Ms. Johnson to performing simple instructions with no more than occasional contact with coworkers, supervisors, or the public, and in noting that her work should allow for her to be off-task up to 5 percent of the workday.  (Tr. 38).  Because that RFC assessment was supported by substantial evidence, and because it was accurately conveyed to the VE in the hypothetical question, there was no need for the ALJ to use the term "moderate difficulties," which is an

extraordinarily broad and vague description of a claimant's precise functional capabilities. Accordingly, I recommend that the ALJ's decision be affirmed.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment (ECF No. 16); and

2. the Court DENY Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) and CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Dated:  September 16, 2014                              _____/s/_____
                                                                            Stephanie A. Gallagher
                                                                            United States Magistrate Judge